UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-cv-81065-Dimitrouleas/Matthewman

Amadou Sow,

        Plaintiff,

v.

James River Insurance Company,

        Defendant.
_____/



## ORDER GRANTING DEFENDANT'S MOTION TO COMPEL [DE 34] AND GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER [DE 43]

THIS CAUSE is before the Court on (1) Defendant's Motion to Compel Documents from Plaintiff [DE 34] and (2) Plaintiff's Motion for Protective Order [DE 43]. These matters were referred to the undersigned by the Honorable William P. Dimitrouleas, United States District Judge. [DE 15]. The motions are fully briefed. *See* DEs 34, 39, 41, 42, 43, 45, 49, 56. The Court held a hearing on the motions on March 12, 2020. [DE 53]. Thus, these matters are ripe for review.

### I. Dispute Underlying Pending Motions

The parties' motions raise an interesting and complicated issue. Both motions concern the production of documents related to Plaintiff's prior representation by Non-Party Fenstersheib Law Group, P.A. ("Fenstersheib") in relation to injuries allegedly suffered by Plaintiff in a March 13, 2016 automobile accident. To put the matter in context, Fenstersheib represented Plaintiff for approximately three years from March 2016 to June 2019, at which time Plaintiff discharged Fenstersheib and retained his current counsel, Goldman & Daszkal, P.A. Thereafter, the pending lawsuit was filed by Plaintiff on June 21, 2019 in Florida state court.

On October 21, 2019, after Plaintiff's lawsuit was removed to this Court, Plaintiff served a non-party subpoena on Fenstersheib requesting all documents in Fenstersheib's possession relating to its prior representation of him. *See* DE 22. Defendant then sent a request for copies of the documents produced by Fenstersheib. After Plaintiff filed a motion to compel Fenstersheib to comply with the subpoena for documents [DE 22], and after this Court issued an Order to Show Cause to Fenstersheib [DE 24], Fenstersheib provided copies of its complete file to Plaintiff's counsel [DEs 27, 29, 31].

As noted above, Fenstersheib complied with Plaintiff's non-party subpoena, filing a Notice of Compliance to that effect on February 18, 2020. [DE 31]. The next day, Defendant repeated its request for copies. Initially, Plaintiff objected to Defendant's request, stating that the documents contained privileged attorney-client communications. However, on February 24, 2020, Plaintiff provided Defendant with some, but not all, of the requested documents. [DE 34 ¶ 16]. Plaintiff withheld certain documents and created a privilege log. Defendant then filed its pending motion to compel, seeking full copies of all the documents "in the same form or format" as those Plaintiff obtained from Fenstersheib in accordance with Southern District of Florida Local Rule 26.1(i). [DE 34].

Defendant then also filed a Notice of Deposition Duces Tecum on Fenstersheib, requesting in Schedule "A" that Fenstersheib produce the same documents that are the subject of Defendant's motion to compel. Both Plaintiff and Fenstersheib oppose Defendant's request as they argue it seeks privileged attorney-client communications and that Plaintiff has not waived that privilege. Defendant argues that Plaintiff waived attorney-client privilege by placing the documents "at issue," particularly those concerning an alleged prior settlement between Plaintiff

(while he was represented by Fenstersheib) and Defendant. The Court notes that if, in fact, a prior settlement was entered into between Plaintiff and Defendant while Plaintiff was represented by Fenstersheib, then the pending lawsuit is meritless. On the other hand, if no such prior settlement was entered into, then this lawsuit may proceed.

The Court held a hearing on the motions on March 12, 2020. As agreed to by the parties', the Court ordered Plaintiff to submit the withheld documents for *in camera* review so the Court could review his assertions of attorney-client privilege and work product protections.[1] [DE 54]. Plaintiff complied with the Court's Order on March 13, 2020. [DE 55].

## II. Discussion and Analysis

As an initial matter, the Court again notes the unusual nature of this dispute. Plaintiff, rather than requesting that Fenstersheib send copies of his files to his new counsel, served Fenstersheib with a non-party subpoena. The serving of that subpoena brought into play S.D. Fla. Local Rule 26.1(i)'s requirement that Plaintiff provide Defendant with a copy of the requested documents "in the same form or format" as those he received. But Plaintiff has asserted attorney-client privilege and work product protections over many of the documents and refused to produce them to Defendant. Plaintiff also filed his motion for protective order [DE 43] to prevent Defendant from obtaining the documents directly from Fenstersheib after Defendant issued its own subpoena duces tecum to Fenstersheib. Accordingly, this dispute first requires the Court to address the effect of S.D. Fla. L.R. 26.1(i) as to the documents Plaintiff obtained by subpoena and withheld from Defendant on privilege grounds. Second, the Court must address the "at issue" waiver doctrine as

---

[1] Plaintiff's privilege log asserts both attorney-client privilege and work product protections as to the withheld documents, although the parties' papers focus on the attorney-client privilege.

to the privileged documents withheld by Plaintiff.

## A. Local Rule 26.1(i)

Neither the parties nor the Court could find any precedent addressing the interplay of Local Rule 26.1(i) and the attorney-client privilege and work product protections. In the unique circumstances of this case, the Court finds that requiring Plaintiff to comply with Local Rule 26.1(i) would be putting form over substance and result in the evisceration of Plaintiff's attorney-client privilege and work product protections. This is not the typical case where a party subpoenas a true non-party and is then required by Local Rule 26.1(i) to provide those documents to the opposing party. Rather, this is a case where Plaintiff subpoenaed his own privileged documents from his prior attorney. In such a case, Rule 26.1(i) does not require production of the documents received by Plaintiff which Plaintiff claims are protected by attorney-client privilege and work product protections. Therefore, the Court will not grant Defendant's motion to compel on that basis.

## B. "At Issue" Waiver

Even though the Court is not requiring production of the documents pursuant to Local Rule 26.1(i), Plaintiff may still be required to produce the documents to Defendant if the Court finds that Plaintiff has waived the attorney-client privilege and work product protections over the documents by placing the documents "at issue." *See Sun Capital Partners v. Twin City Fire Ins. Co.*, No. 12-81397, 2015 WL 1860826, at * 9 (S.D. Fla. Apr. 22, 2015) (explaining the doctrine of "at issue" waiver of the attorney-client privilege).

Plaintiff claims the attorney-client privilege and work product protections protect against production of the withheld documents obtained by subpoena from Fenstersheib and dictate that

4

Defendant's motion to compel be denied. Defendant's position is that Plaintiff has waived all privileges because he made the communications "at issue" when he alleged that he never authorized anyone from Fenstersheib to settle his claim against Defendant and that Fenstersheib failed to consult and confer with him regarding settlement talks. [DE 34, p.3]. Defendant also argues that Plaintiff put the communications at issue based on his Complaint, which asserts that Plaintiff "has demanded from the Defendant . . . money to cover his damages but the Defendant . . . has refused and failed to reasonably respond to such requests." [DE 1-1 ¶ 21; DE 41 ¶ 3]. Defendant further argues that its affirmative defenses relating to settlement [DE 8] and its counterclaim against Plaintiff for breach of the settlement agreement [DE 28] put the withheld documents at issue.

An "at issue" waiver of the attorney-client privilege requires (1) an "assertion of the protection" that "results from some affirmative act by the party invoking the protection"; (2) the affirmative act must "put[] the protected information at issue by making it relevant to the case"; and (3) "application of the protection would deny the opposing party access to information vital to its defense." *Id.* (quoting *Stern v. O'Quinn*, 253 F.R.D. 663, 676 (S.D. Fla. 2008)). The inquiry focuses on whether "a party 'affirmatively inject[ed] a privileged communication directly into the litigation, as necessary to prove an element of a claim or defense.'" *Id.* at *8 (quoting *Maplewood Partners v. Indian Harbor Ins. Co.*, 295 F.R.D. 550, 614-15 (S.D. Fla. 2013); *see also Kehle v. USAA Cas. Ins. Co.*, No. 17-80447, 2018 WL 2435176, at *5 (S.D. Fla. May 30, 2018); *Consumer Financial Protection Bureau v. Ocwen Financial Corp.*, No. 17-80495, 2019 WL 6012867, at *2 (S.D. Fla. Nov. 14, 2019). The "at issue" waiver doctrine "rests on the principle of fairness." *Kehle*, 2018 WL 2435176, at *5.

The Court finds that the attorney-client privilege and the work product protections do apply to the withheld documents. In fact, both parties agree that such is the case. Where the parties differ, however, is that Plaintiff claims that the withheld documents have not been placed at issue by Plaintiff so there has been no waiver of the attorney-client privilege or work product protections. Conversely, Defendant argues that the withheld documents have been placed at issue in this case and therefore must be produced by Plaintiff. *See Sun Capital Partners*, 2015 WL 1860826, at * 9; *Kehle*, 2018 WL 2435176, at *5; *Maplewood Partners*, 295 F.R.D. at 614-15.

In order to resolve this issue, the Court has carefully conducted an *in camera* review of the withheld documents. The Court first finds that the withheld documents appear to be relevant to the issues in this case, such as whether there was a settlement, whether there was close contact between Plaintiff and Fenstersheib leading up to the alleged settlement, and whether Fenstersheib had the actual or apparent authority to settle the case on Plaintiff's behalf. But merely because the documents are relevant does not mean that they must be produced if they are protected by a valid attorney-client privilege or work product protection which has not been waived by the "at issue" waiver doctrine. So the question becomes, have the documents been placed "at issue" in this case by Plaintiff such that the privileges have been waived and the relevant withheld documents must be produced.

Upon careful review of the *in camera* documents, the docket in this case, the parties' motions, their briefs, and the relevant case law, the Court finds that the withheld documents have been placed "at issue" in this case by Plaintiff. In fact, they have been placed "at issue" by both parties.

First, Plaintiff's pending Complaint against Defendant asserts that "Plaintiff [] has

demanded from the Defendant [] money to cover his damages but the Defendant [] has refused and failed to reasonably respond to such requests" [DE 1-1 ¶ 21]. Some of the withheld documents clearly go to this point and it would be unfair to allow Plaintiff to make such an allegation in his complaint and then withhold documents which are relevant to that allegation. Obviously, if the case settled between Plaintiff and Defendant while Plaintiff was represented by Fenstersheib, then Plaintiff's allegation in paragraph 21 of his Complaint is not correct. Defendant has the right to obtain documents placed "at issue" by Plaintiff in paragraph 21.

Second, Defendant's affirmative defenses assert that Plaintiff previously settled his claim against Defendant when he was represented by Fenstersheib. [DE 8]. The Court is aware that the affirmative defenses are asserted by Defendant, and that Defendant cannot place a matter "at issue" which waives Plaintiff's claims of privilege. However, it is clear to the Court that a central issue in this case is whether a prior settlement between the parties occurred and whether Plaintiff's prior counsel had the actual or apparent authority to settle Plaintiff's case. That issue permeates this case.

Third, Defendant's pending counterclaim raises the issue of whether Plaintiff previously settled his claim against Defendant. [DE 28]. In order to defend against Defendant's counterclaim, if it survives the pending motion to dismiss, these issues will necessarily be raised by Plaintiff.

And fourth, whether there was a settlement between Plaintiff and Defendant when Plaintiff was represented by Fenstersheib and whether Fenstersheib had actual or apparent authority to settle with Defendant on Plaintiff's behalf are key issues in this litigation. It is clear to the Court that the settlement issue has to be resolved by this Court one way or another and therefore there is no reason to delay production of relevant, at-issue documents.

Plaintiff's privilege log also asserts work product protections over the at-issue documents. The work product protections are codified in Federal Rule of Civil Procedure 26(b)(3). The Rule "establishes two tiers of protection: first, work product prepared in anticipation of litigation by an attorney or his agent is only discoverable upon a showing of need and hardship; and second, 'core' or 'opinion' work product" that is "'generally afford near absolute protection from discovery.'" *Kehle*, 2018 WL 2435176, at *4 (quoting *Kahn v. United States*, No. 13-24366, 2016 WL 4112081, at *4 (S.D. Fla. July 8, 2015)). Here, Defendants seek fact work product, which "includes all documents, information, and tangible things prepared and gathered in anticipated of litigation or for trial." *Id.* (citing *Stern v. O'Quinn*, 253 F.R.D. 663, 685 (S.D. Fla. 2008)). Defendants may only obtain discovery of such fact work product by showing both "a substantial need" and "undue hardship" in obtaining the materials or their equivalent by other means. Fed. R. Civ. P. 26(b)(3)(A)(ii).

The Court finds that Defendants have established both a substantial need for the at-issue documents and undue hardship in obtaining the information via other means. As noted above, this case initially rises and falls on whether Plaintiff and Defendant entered into a settlement agreement while Plaintiff was represented by a different law firm. Defendants have a substantial need for the documents to substantiate their allegations regarding a prior settlement and to refute Plaintiff's claims. Further, as the documents consist of fact work product produced by Fenstersheib that Fenstersheib has asserted attorney-client privilege over and refused to provide to Defendants, *see* DE 42 ¶ 3, Defendants have no other way to obtain the information in those documents. Thus, there would be an undue hardship on Defendants if the Court sustained Plaintiff's work product protection claim.

Accordingly, the Court finds that Plaintiff has waived attorney-client privilege and work product protections over those documents he subpoenaed from Fenstersheib due to application of the "at issue" waiver doctrine.

### III. Conclusion

In light of the foregoing, it is hereby **ORDERED** that:

1. Defendant's Motion to Compel Documents from Sow [DE 34] is **GRANTED**. Plaintiff shall produce to Defendant a copy of the entire file he received from Fenstersheib in response to his non-party subpoena, including an unredacted copy of Fenstersheib's "Comments" document related to its representation of Plaintiff.

2. Plaintiff's Motion for Protective Order [DE 43] is **GRANTED**. The Court accepts Plaintiff's counsel's representation that Fenstersheib has produced its entire client file relating to Plaintiff. [DE 43 ¶ 6]. Thus, the Court finds that it is unnecessary and duplicative for Non-Party Fenstersheib to produce the requested documents to Defendant when Plaintiff will be producing responsive documents to Defendant. Of course, Defendant shall be permitted to take any depositions of Fenstersheib attorneys or employees who may possess relevant information regarding this case.

**DONE and ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 20th day of March 2020.

WILLIAM MATTHEWMAN
United States Magistrate Judge